IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ SEPULVEDA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV-F-07-321 OWW<br>(No. CR-F-02-5408 OWW)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. 367) AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

Petitioner Victor Sanchez Sepulveda, proceeding *in pro per*, has timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was convicted following jury trial of conspiracy to aid and abet the manufacture of methamphetamine and to possess pseudoephedrine, a listed chemical, knowing or having reasonable cause to know that it would be used to manufacture methamphetamine, a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(c) and 846; of attempted

1

1 possession of pseudoephedrine, a listed chemical, intending to
2 manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(2
3 and 846 and of 18 U.S.C. §; of unlawful use of a communication
4 facility to facilitate a felony narcotic offense in violation of
5 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and criminal forfeiture
6 pursuant to 21 U.S.C. § 853.  Petitioner was sentenced to 292
7 months as to Count 1, 240 months as to Count 2, and 48 months as
8 to Count 4, all to be served concurrently.

9    Petitioner appealed to the Ninth Circuit.  The Ninth Circuit
10 affirmed Petitioner's conviction and sentence.

11    Petitioner asserts four grounds for relief in his Section
12 2255 motion:

13    <u>Ground One</u>: "The Federal Government lacked federal
14 legislative, territorial or admiralty jurisdiction in over the
15 locus quo [sic]".

16    <u>Ground Two</u>: "The Federal Government Charging Instruments are
17 fatally defective".

18    <u>Ground Three</u>: "The Federal Government failed to establish
19 federal interstate commerce nexus".

20    <u>Ground Four</u>: "Title 18 or 21 are unconstitutional causing
21 imprisonment to be false".

22    All of these grounds are based on petitioner's contention
23 that the United States is required to charge and prove a nexus
24 with interstate commerce.

25    The grounds asserted for relief are frivolous.  Petitioner's
26 contention that the indictment was deficient because it failed to

2

plead a nexus between the alleged conspiracy and interstate commerce is without merit.  The Ninth Circuit has long held that no proof of an interstate nexus is required to establish jurisdiction of the subject matter for prosecutions under 21 U.S.C. § 841(a).  *See United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir.2004); *United States v. Tisor*, 96 F.3d 370, 374-375 (9th Cir.1996).  Because Ninth Circuit precedent rejects the notion that an interstate nexus constitutes an element of offenses in the drug trafficking context, the Government is not required to plead such a nexus in the indictment.  *Fernandez, id.*

ACCORDINGLY, as set forth above:

1. Petitioner Victor Sanchez Sepulveda's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter judgment for Respondent.

IT IS SO ORDERED.

**Dated:   March 20, 2007**                    **/s/ Oliver W. Wanger**
emm0d6                                         UNITED STATES DISTRICT JUDGE